UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTA KATSENES,<br><br>          Plaintiff,<br><br>    v.<br><br>U.S. BANK TRUST, N.A.,<br><br>          Defendant. | Civil Action No. 19-12112-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                           **May 3, 2021**

### I. Introduction

Christa Katsenes ("Katsenes") instituted the present action against Defendant U.S. Bank Trust, N.A. ("U.S. Bank") regarding the validity of a mortgage and seeking equitable relief and declaratory judgment. D.1-1. Katsenes now moves to amend the complaint, D. 65. For the reasons stated below, the Court DENIES Katsenes' motion to amend except as to the addition of Count II, the c. 93A claim.

### II. Standard of Review

Fed. R. Civ. P. 15(a) "mandates that leave to amend is to be 'freely given when justice so requires' . . . unless the amendment 'would be futile, or reward, *inter alia*, undue or intended delay.'" Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (quoting Fed. R. Civ. P. 15(a)(2) and Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994)). Rule 15(a)'s "liberal amendment policy . . . does not mean that leave will be granted in all cases." Acosta-

Mestre v. Hilton Int'l of P.R., 156 F.3d 49, 51 (1st Cir. 1998) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487, at 611 (2d ed. 1990)). "[I]f the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." Boston & Me. Corp. v. Town of Hampton, 987 F.2d 855, 868 (1st Cir. 1993), overruled on other grounds, Educadores, Puertorriqueños en Acción v. Hernandez, 377 F.3d 61 (1st Cir. 2004).

### III.   Factual Background

The following facts are based upon the allegations in the proposed amended complaint and are presumed to be true for the purposes of resolving Katsenes' motion to amend. Katsenes resides at 25 Pleasant Street in Dover, Massachusetts ("the Property"). D. 65-1 ¶ 1. On or about August 28, 1986, Katsenes purchased the Property. Id. at ¶ 6. Title to the Property remained solely in Katsenes' name until December 20, 1990 at which time she conveyed title to the Property to her (now deceased) husband, William A. Katsenes and herself as "husband and wife as tenants by its entirety." Id. at ¶ 8. As alleged, unbeknownst to Katsenes, on or about August 19, 2005, her husband executed a mortgage on the Property for $500,000.00, ("the 2005 Mortgage") to Bank of America, N.A. Id. at ¶ 10. Katsenes's name does not appear on the 2005 Mortgage as she did not sign it or the promissory note for which same was security. Id. at ¶ 13. On or about May 17, 2016, Bank of America assigned the 2005 Mortgage to U.S. Bank as Trustee for the LSF9 Master Participation Trust and the assignment was recorded. Id. at ¶ 14. William Katsenes died on September 17, 2018. Id. at ¶ 20. As Katsenes alleges, the 2005 Mortgage, executed by Mr. Katsenes alone, was "subject to [Katsenes'] right of survivorship," and accordingly, when Mr. Katsenes died on September 17, 2018, the 2005 Mortgage was extinguished. Id. at ¶ 23.

On or about February 14, 2019, U.S. Bank commenced an action in the Land Court against Katsenes, under the Servicemembers Civil Relief Act, as the precursor to foreclosing on the 2005 Mortgage. Id. at ¶ 26. U.S. Bank proceeded in obtaining an order of notice from Land Court returnable on September 16, 2019, published it for three successive weeks in the local paper and recorded it and served Katsenes with same on or about August 21, 2019. Id. at ¶ 27. On or about September 18, 2019, U.S. Bank made its return of service with the Land Court and filed a motion for judgment. Id. at ¶ 28. The Land Court entered judgment on September 19, 2019 ruling that Katsenes was not entitled to benefits of the Servicemembers Civil Relief Act. Id. at ¶ 29. Katsenes initiated this action for declaratory judgment as to the validity and enforceability of the 2005 Mortgage. Id. at ¶ 34.

Katsenes has moved to amend the complaint to include the same request for declaratory judgment (Count I) as asserted in the original complaint, D. 1-1, and to add several claims: a Mass. Gen. L. c. 93A claim (Count II), claims for intentional infliction of emotional distress (Count III), abuse of process (Count IV), slander of title (Count V), civil conspiracy (Count VI) and violation of Massachusetts Civil Rights Act ("MCRA") (Count VII). D. 65-1.

**IV.   Discussion**

    **A.   <u>Katsenes' Motion to Amend the Complaint</u>**

U.S. Bank opposes the addition of Counts III, IV, V, VI and VII on futility grounds, but does not oppose the amendment as to Count II, the Chapter 93A claim. D. 73 at 1.

        *1.   Proposed Claim for Intentional Infliction of Emotional Distress (Count III)*

The proposed amended complaint alleges that U.S. Bank's actions in threatening Katsenes, a 78- year-old widow, with the loss of her residence by initiating foreclosure of the 2005 Mortgage which it knew had been previously extinguished, publishing notice of the same for three

consecutive weeks in the local newspaper and recording notice of same was extreme, outrageous, beyond all bounds of decency and utterly intolerable in a civilized community such that it constitutes intentional infliction of emotional distress.  D. 65-1 ¶ 48.  Katsenes further asserts that because of U.S. Bank's actions, she sustained severe emotional distress.  Id. ¶ 50.

A plaintiff states a claim for intentional infliction of emotional distress if she alleges that a defendant engaged in "extreme and outrageous conduct and without privilege [which] causes severe emotional distress" to plaintiff.  Limone v. United States, 579 F.3d 79, 91 (1st Cir. 2009) (quoting Agis v. Howard Johnson Co., 371 Mass. 140, 143 (1976)).  Conduct is extreme and outrageous only if it is "beyond all bounds of decency and . . . utterly intolerable in a civilized community."  Sena v. Commonwealth, 417 Mass. 250, 264 (1994) (quoting Agis, 371 Mass. at 145); Moss v. Camp Pemigewassett, Inc., 312 F. 3d 503, 511 (1st Cir. 2002) (citations omitted).  U.S. Bank's actions described as initiating a foreclosure, see D. 65-1 ¶ 48, were the filing of a complaint to determine military status and the "precursor" steps to a foreclosure.  D. 73 at 6.  Such actions are insufficient to meet the high bar of establishing a claim for intentional infliction of emotional distress.  Even as alleged here, filing a complaint to determine military status, publishing notice of the same in the local newspaper and recording notice of same with the Norfolk County Registry of Deeds, does not meet this standard.  Accordingly, adding this proposed count would be futile.

        2.        *Proposed Claim for Abuse of Process (Count IV)*

Katsenes further alleges that U.S. Bank, through the use of legal process, brought an action maliciously under the Servicemember's Civil Relief Act against her with full knowledge that the 2005 Mortgage had previously been extinguished, for the purpose of intimidating her, exerting pressure on her and compelling her to pay money she did not owe.  To state a claim for abuse of

4

process, Katsenes must show that "(1) process was used (2) for an ulterior purpose (3) resulting in damage." MHA Fin. Corp. v. Varenko Invs. Ltd., 583 F. Supp. 2d 173, 178 (D. Mass. 2008) (citing Jones v. Brockton Pub. Mkts., Inc., 369 Mass. 387, 389 (1975)).  Process means "causing papers to issue by a court 'to bring a party or property within its jurisdiction.'"  Silvia v. Building Inspector of W. Bridgewater, 35 Mass. App. Ct. 451, 453 n.4, (1993) (quoting Jones, 369 Mass. at 390).  Abuse of process involves the "malicious use of legal process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed." LaFrenier v. Kinirey, 478 F. Supp. 2d 126, 142 (D. Mass. 2007) (quoting Carroll v. Gillespie, 14 Mass. App. Ct. 12, 26 (1982)).  The ulterior motive, however, must be "more than the intent to harass; there must be intention to use the process for coercion or harassment to obtain something not properly part of the suit."  Broadway Mgmt. Servs., Ltd. v. Cullinet Software, Inc., 652 F. Supp. 1501, 1503 (D. Mass. 1987).

By filing a complaint to determine military status, to "establish [Katsenes'] rights as a precursor to a foreclosure proceeding in order to do exactly what the process was designed to do— establish [her] rights as precursor to a foreclosure proceeding," D. 73 at 8, the actions of U.S. Bank, even as alleged, do not rise to the level of abuse of process.  Their actions are not only properly part of a legal action in Land Court, but Katsenes also has failed to allege plausibly how such action by the part of U.S. Bank was particularly motivated by an ulterior purpose other than the central issue in this matter:  determining her rights by seeking judicial action prior to any foreclosure proceeding.  As such, this Court does not conclude that the proposed abuse of process claim is plausible pled and thus amendment as to this claim is futile.

### 3. *Proposed Claim for Slander of Title (Count V)*

Similarly, Katsenes' proposed claim for slander of title, D. 65-1 ¶¶ 55-66, is futile. "To prove slander of title, a plaintiff must show that '(1) the defendant made a false statement, (2) which was published with malice, and (3) caused injury to the plaintiff.'" Dumeus v. CitiMortgage, Inc., No. 13-12016-GAO, 2015 WL 404611, at *2 (D. Mass. Jan. 29, 2015) (citing George v. Teare, No. CA 994102, 200 WL 1512376, at *3 (Mass. Super. Sept. 5, 2000)). "Statements made in the course of a judicial proceeding that pertain to that proceeding are absolutely privileged and cannot be used to support a civil liability even if the statements were uttered with malice or in bad faith." Fisher v. Lint, 69 Mass. App. Ct. 360, 365 (2007). The privilege "extends to circumstances where the statements are made preliminary to a proposed or contemplated judicial proceeding as long as they bear some relation to the proceeding." Id. at 366. Here, Katsenes alleges that the complaint to determine military status, order of notice issued by Land Court and subsequent publication of same are false statements because they imply that the 2005 Mortgage was valid and enforceable, which U.S. Bank knew was not true when it made that statement. D. 65-1 ¶ 5. Yet, publication of the aforementioned documents, which undoubtedly pertained to a judicial proceeding, are privileged and do not support Katsenes's claim. Even if they were not so privileged, Katsenes has failed to allege plausibly that any of U.S. Bank's statement were false and, even if they were, that they were made with malice. To the extent that Katsenes intends to claim legal fees and costs in this action as harms, as U.S. Bank notes, legal fees alone are not sufficient to support a slander of title claim. See Powell v. Stevens, No. 2000-0089, 2004 WL 1047451, at *3, 9 (Mass. Super. May 3, 2004) (noting that "the traditional purpose of slander of title 'special damages' is to compensate the property owner for (i) loss of sale price, (ii) loss of mortgageability;  and (iii) infliction of increased expense and effort in the process of

sale or mortgaging"). Here, there has been no allegation of such special damages where Katsenes has remained in the Property and has not alleged any intent to attempt to sell or mortgage her interest in the Property. Accordingly, the proposed claim for slander of title would be futile.

    4.  *Civil Conspiracy Claim (Count VI) is Similarly Futile*

  To assert a claim of civil conspiracy, Katsenes must allege: (1) a combination of two or more persons to accomplish an unlawful purpose, or a purpose not unlawful by unlawful means, and (2) some peculiar power of coercion of [her] possessed by [U.S. Bank] in combination which any individual standing in like relation to [her] would not have had, and (3) damage. DesLauries v. Shea, 300 Mass. 30, 33 (1938); see Aetna Cas. Sur. Co. v. P&B Autobody, 43 F.3d 1546, 1563-64 (1st Cir. 1994) (applying Massachusetts law). Although it is not entirely clear, see D. 73 at 12-13, it appears that the crux of this claim is Katsenes's allegation that U.S. Bank's goal, while working in concert with its insurer WFG National Title Insurance Company, was to extort money from her that they knew she did not owe, D. 65-1 ¶ 71, and WFG has stepped into the shoes of U.S. Bank in this litigation and delayed paying its insured's claim until Katsenes initiated this lawsuit. D. 65-1 ¶ 70a-c. This claim, even as alleged, fails at a minimum as to the first element as she has not plausibly alleged an unlawful purpose or a lawful purpose by unlawful means where the nature of the alleged conspiracy is WFG's defense of its insured, U.S. Bank, in litigation brought by Katsenes, and where U.S. Bank has asserted a counterclaim of equitable subrogation. D. 16 at 11. As such, the proposed claim fails as a matter of law and is futile.

    5.  *Proposed Claim for Violation of MCRA (Count VII)*

  Finally, Count VII of the proposed amended complaint includes a claim for violation of MCRA, Mass. Gen. L. c. 12, Section 11 I, claiming that at the time U.S. Bank initiated the procedure in the Land Court, it knew that she was elderly, had recently lost her husband and was

extremely vulnerable as a result. She contends that U.S. Bank tried to capitalize on her weakness by starting said action in land court as to threaten intimidate and coerce her into paying money they knew did not owe. To state a claim under MCRA, Katsenes must establish that: "1) [her] exercise or enjoyment of rights secured by the federal or state constitutions or laws 2) has been interfered with, or attempted to be interfered with, and 3) the interference or attempted interference was by 'threats intimidation, or coercion.'" Stone v. Caswell, 963 F. Supp. 2d 32, 37 (D. Mass. 2013) (citing Haufler v. Zotos, 446 Mass. 489 (2006)). For purposes of the MCRA, a threat consists of "the intentional exertion of pressure to make another fearful or apprehensive of injury or harm"; "intimidation" involves "putting in fear for the purpose of compelling or deterring conduct"; and "coercion" is "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done." Narragansett Bay Ins. Co. v. Kaplan, 146 F. Supp. 3d 364, 371 (D. Mass. 2015) (quoting Glovsky v. Roche Bros. Supermarkets, 469 Mass. 752, 763 (2014)). The requisite third element, "by threats, intimidation or coercion," "covers intentional, not accidental, conduct" as "these are behavior undertaken with the purpose of improper persuasion." Id. Even assuming *arguendo* that Katsenes has plausibly alleged that U.S. Bank has interfered with any exercise or enjoyment of legal rights, even as alleged, the "interference"—by filing a legal pleading in Land Court to seek a judicial decision and otherwise following the steps for proceeding to foreclosure on the Property—cannot be said to have been by threats, intimidation or coercion. Accordingly, Katsenes has failed to plausibly state a claim under the MCRA for which relief can be granted and thus the proposed claim is futile.

## V. Conclusion

For the foregoing reasons, the Court DENIES Katsenes's motion to amend, D. 65, as to proposed claims except the c. 93A claim. The Court ALLOWS the motion only as to the proposed c. 93A claim. Accordingly, by May 17, 2021, Katsenes may file an amended complaint that incorporates Count I (asserted in the original pleading) and Count II (the c. 93A claim asserted in D. 65-1) only.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge