UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No 1:19-cv-12112-DJC

**CHRISTA KATSENES**

v.

**U.S. BANK TRUST, N.A.**
**as Trustee for LSF9 Master Participation Trust**

### ANSWER OF CHRISTA KATSENES TO COUNTERCLAIM
### SET FORTH IN ANSWER TO FIRST AMENDED COMPLAINT

Christa Katsenes, the plaintiff in the case in chief and defendant in counterclaim ("Katsenes"), responds to the Counterclaim of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank"), as set forth in its Counterclaim to Plaintiff's First Amended Complaint as follows:

1.      Admitted.

2.      Admitted.

3.      Paragraph 3 alleges a legal conclusion to which no response is required. To the extent a response is required, Katsenes denies the allegations and calls upon the U.S. Bank to prove the same if material.

4.      Paragraph 4 alleges a legal conclusion to which no response is required. To the extent a response is required, Katsenes denies the allegations and calls upon U.S. Bank to prove the same if material.

5.      Admitted.

6. Katsenes admits the allegations in paragraph 6 and further states that said conveyance was to herself and William A. Katsenes, husband and wife, as tenants by the entirety.

7. Admitted.

8. Admitted.

9. Admitted.

10. Katsenes is without sufficient knowledge or information to admit or deny the allegations in paragraph 10 of the Counterclaim and calls upon U.S. Bank to prove the same if material.

11. Katsenes admits that William A. Katsenes signed the mortgage recorded at Book 23099, Page 287, but denies that said mortgage ever encumbered her interest in the Property and denies said mortgage survived his death.  To the extent that said mortgage encumbered her husband's interest in the Property, said mortgage was extinguished upon his death.

12. Paragraph 12 is omitted from Counterclaim and therefore Katsenes does not respond to the same.

13. Paragraph 13 is omitted from Counterclaim and therefore Katsenes does not respond to the same.

14. Katsenes is without sufficient knowledge or information to admit or deny the allegations in paragraph 14 of the Counterclaim and calls upon U.S. Bank to prove the same if material.

15.     Katsenes is without sufficient knowledge or information to admit or deny the allegations in paragraph 15 of the Counterclaim and calls upon U.S. Bank to prove the same if material.

16.     On information and belief Katsenes admits the allegations in paragraph 16.

17.     On information and belief Katsenes admits the allegations in paragraph 17.

18.     Katsenes is without sufficient knowledge or information to admit or deny the allegations in paragraph 18 of the Counterclaim and calls upon U.S. Bank to prove the same if material.

19.     Katsenes is without sufficient knowledge or information to admit or deny the allegations in paragraph 19 of the Counterclaim and calls upon U.S. Bank to prove the same if material.

20.     Katsenes is without sufficient knowledge or information to admit or deny the allegations in paragraph 20 of the Counterclaim and calls upon U.S. Bank to prove the same if material.

21.     With respect to the allegations in paragraph 21 of the Counterclaim, Katsenes responds as follows: she is without sufficient knowledge or information to admit or deny Caliber Home Loans is the servicer for U.S. Bank;  she is without sufficient knowledge or information to admit or deny that BANA and Caliber worked with William A. Katsenes in trying to find an alternative to foreclosure;  she denies that BANA and Caliber, or either of them, ever worked with her to try to find an alternative

to foreclosure; and, furthermore, Katsenes is without sufficient knowledge or information to admit or deny whether William A. Katsenes was in default of his obligations under the note and mortgage. To the extent that any of the foregoing allegations are material, Katsenes calls upon U.S. Bank to prove the same.

22.     Katsenes denies that she ever engaged in or requested loss mitigation or a modification of the Loan, as alleged in paragraph 22. She is without sufficient knowledge or information to admit or deny whether William A. Katsenes ever requested loss mitigation or a modification of the Loan, and to the extent the same is material, calls upon U.S. Bank to prove the same.

23.     Katsenes admits that she never supplied any information to BANA and Caliber to modify the Loan given the fact that she was not a party to the Loan and she never requested BANA or Caliber for a modification. She is without sufficient knowledge or information to admit or deny whether William A. Katsenes failed to supply the information to BANA or as alleged in paragraph 23, and to the extent the same is material, calls upon U.S. Bank to prove the same. The remaining allegations are a legal conclusion to which no response is required. To the extent a response is required, Katsenes denies the allegations and calls upon the U.S. Bank to prove the same if material.

24.     Katsenes can neither admit nor deny the allegations in paragraph 24 because it sets forth no time frame with respect to said allegations and calls upon U.S. Bank to prove the same if material.

25. Katsenes denies that to the extent U.S. Bank paid any real estate taxes, said payments were made for her benefit but, instead, were made in order to protect whatever encumbrance U.S. Bank had on William's interest in the property. After William's death, U.B. Bank had no interest in the property to protect. Moreover, any payments made were made without her consent, knowledge, or request, and, in some cases were made after she expressly informed U.S. Bank not to make these payments and that if U.S. Bank did make them, she would not be liable to U.S. Bank for them. With respect to Katsenes, when making such payments U.S. Bank acted strictly as a volunteer, meddler, and interloper.

26. Katsenes can neither admit nor deny the allegations in paragraph 26 because it sets forth no time frame with respect to said allegations and calls upon U.S. Bank to prove the same if material.

27. To the extent U.S. Bank allegedly paid for unpaid homeowners insurance on the property, which Katsenes denies, said payments were made in order to protect whatever encumbrance U.S. Bank had on William's interest in the property, and were not for the benefit of Katsenes, nor was she a named insured or loss payee under any such insurance. After William's death, U.S. Bank had no interest in the property to protect. Moreover, any payments made were made without her consent, knowledge, or request, and, in some cases were made after she expressly informed U.S. Bank not to make these payments and that if U.S. Bank did make them, she would not be liable to U.S. Bank for them. With respect to Katsenes, when making such payments U.S. Bank acted strictly as a volunteer, meddler, and interloper.

28.     Katsenes can neither admit nor deny the allegations in paragraph 28 inasmuch as the allegations are vague, ambiguous, and nebulous.  To the extent that said allegations warrant a response, she denies that she received benefits from U.S. Bank, as alleged in paragraph 28, incorporates by reference and makes part hereof her responses to paragraphs 25 and 27, and calls upon U.S. Bank to prove such allegations if material.

29.     Katsenes is without sufficient knowledge or information to admit or deny the allegations in paragraph 29 of the Counterclaim and calls upon U.S. Bank to prove the same if material, including the amount due.  Moreover, to the extent that any money was due under said loan, the claim has been barred by the statute of limitations.

30.     Katsenes neither admits nor denies the allegations in paragraph 30 with respect to the allegations in her first Amended Complaint, inasmuch as the same is a writing which speaks for itself.  Moreover, she denies the remaining allegations in paragraph 30 including but not limited to the allegations that she received "benefits" or a "windfall" as alleged in paragraph 30 and that payments were made "on her behalf" and that the loan was in default, and calls upon U.S. Bank to prove such allegations if material.  Furthermore, Katsenes incorporates by reference and makes part hereof her responses to paragraphs 25 and 27.

31.     In response to the allegations in paragraph 31, Katsenes repeats and re-avers her responses to paragraphs 1 through 30 as if fully set forth herein.

32.     Katsenes is without sufficient knowledge or information to admit or deny the allegations in paragraph 32 and calls upon U.S. Bank to prove the same if material.

33. Katsenes denies the allegations in paragraph 33 and calls upon U.S. Bank to prove the same if material.

34. Katsenes denies the allegations in paragraph 34 and calls upon U.S. Bank to prove the same if material.

35. Katsenes denies the allegations in paragraph 35 and calls upon U.S. Bank to prove the same if material.

36. In response to the allegations in paragraph 36, Katsenes repeats and re-avers her responses to paragraphs 1 through 35 as if fully set forth herein.

37. Katsenes denies the allegations in paragraph 37 calls upon U.S. Bank to prove the same if material.

38. Katsenes denies the allegations in paragraph 38 and calls upon U.S. Bank to prove the same if material.  If BANA had intended for the Mortgage to encumber the Katsenes' interest in the Property as well as William's, then BANA should have notified her of the transaction and demanded her signature before consummating the deal. BANA did not.

39. Katsenes is without sufficient knowledge or information to admit or deny the allegations in paragraph 39 and calls upon U.S. Bank to prove the same if material.

40. Katsenes denies that she received benefits as alleged in paragraph 40 and is without sufficient knowledge or information to admit or deny the remaining allegations and calls upon U.S. Bank to prove the same if material.

41.     Katsenes denies the allegations in paragraph 41 and calls upon U.S. Bank to prove the same if material.  Further answering Katsenes says that priority of the Mortgage is immaterial, given that there are no other mortgages on the locus.

42.     Katsenes denies the allegations in paragraph 42 and calls upon U.S. Bank to prove the same if material.

43.     Katsenes denies the allegations in paragraph 43 and calls upon U.S. Bank to prove the same if material.  On the contrary, the conduct of U. S. Bank weighs against equitable subrogation.  First, U.S. Bank has sustained no damages.  It paid nothing for the Mortgage and if it did sustain damages, there is title insurance coverage to cover the loss.  Second, U.S. Bank is not the true party in interest, which is the insurance company that insured the title to the Mortgage. Third, U.S. Bank comes into equity with unclean hands, including but not limited to:

a.       conspiring with the title company to conceal the identity of the true party in interest, namely, the insurance company; and/or

b.       in an attempt to exert pressure upon Katsenes to pay monies that U.S. Bank knew she did not owe, U.S. Bank brought an action in the Land Court under the Servicemember's Civil Relief Act against Katsenes as a precursor to foreclosing on the Mortgage, with full knowledge that the Mortgage had been previously extinguished by the death of William Katsenes.

42. [Sic]     In response to the allegations in paragraph 42 [sic], Katsenes repeats and re-avers her responses all the prior paragraphs as if fully set forth herein.

43. [Sic]     Katsenes denies the allegations in paragraph 43 [sic] and calls upon U.S. Bank to prove the same if material.

44. [Sic]     Katsenes denies the allegations in paragraph 44 [sic] and calls upon U.S. Bank to prove the same if material.

45. [Sic]     Katsenes denies the allegations in paragraph 45 [sic] and calls upon U.S. Bank to prove the same if material.

46. [Sic]     Katsenes denies the allegations in paragraph 46 [sic] and calls upon U.S. Bank to prove the same if material.

47. [Sic]     Katsenes denies the allegations in paragraph 47 [sic] and calls upon U.S. Bank to prove the same if material.

48. [Sic].    Katsenes denies the allegations in paragraph 48 [sic] and calls upon U.S. Bank to prove the same if material.

49. [Sic]     In response to the allegations in paragraph 49 [sic], Katsenes repeats and re-avers her responses to all the prior paragraphs as if fully set forth herein.

50. [Sic]     Katsenes denies the allegations in paragraph 50 [sic] and calls upon U.S. Bank to prove the same if material.

51. [Sic]     Katsenes denies the allegations in paragraph 51 [sic] and calls upon U.S. Bank to prove the same if material.

52. [Sic]     Katsenes denies the allegations in paragraph 52 [sic] and calls upon U.S. Bank to prove the same if material.

53. [Sic]     Katsenes denies the allegations in paragraph 53 [sic] and calls upon U.S. Bank to prove the same if material.

## AFFIRMATIVE DEFENSES

FIRST DEFENSE:

      The Counterclaim fails to state a claim upon which relief may be granted.

SECOND DEFENSE:

      U.S. Bank is not the true party interest and has no standing to maintain this action.

THIRD DEFENSE:

      U.S. Bank has assigned its interest, if any, in this matter to a third party and therefore has no standing to maintain this action.

FOURTH DEFENSE:

      If any monies were owed to U.S. Bank the same have been paid in full.

FIFTH DEFENSE:

      U.S. Bank has an adequate remedy at law.

SIXTH DEFENSE:

      U.S. Bank, or its predecessor, had an adequate remedy at law against William Katsenes, or his estate, for money damages, which has been barred by the Statute of Limitations.

SEVENTH DEFENSE:

      If U.S. Bank, or its predecessor, ever had a valid claim against Christa Katsenes, which she denies, that claim was for money damages and has been barred by the Statute of Limitations.

EIGHTH DEFENSE:

U.S. Bank is barred from recovery by the Statute of Limitations.

NINTH DEFENSE:

To the extent that any prior mortgages on the locus were satisfied or paid from the proceeds of the 2005 loan to William Katsenes, said payment(s) were made without the knowledge, consent, or request of Christa Katsenes, and the party making such payment(s) acted as a volunteer with respect to Christa.

TENTH DEFENSE:

U.S. Bank is not the holder of the promissory notes secured by the prior mortgages on the locus, which said prior mortgages were allegedly satisfied or paid from the proceeds of the 2005 loan to William Katsenes.

ELEVENTH DEFENSE:

U.S. Bank has sustained no damages, including but not limited to:

a.       having paid nothing for the mortgage which is the subject matter of this action; and/or

b.       being covered by title insurance for damages, if any, sustained by it.

TWELFTH DEFENSE:

U.S. Bank has sustained no damages and therefore, the relief sought by it, if granted, would result in a windfall to U.S. Bank.

THIRTEENTH DEFENSE:

To the extent that U.S. Bank has sustained any damages, which Katsenes denies, U.S. Bank has failed to mitigate said damages, including but not limited to:

11

a.         failing to pursue its claim under the title insurance policy which insured the enforceability of the mortgage which is the subject matter of this action;

b.         failing to rescind the transaction with Bank of America timely;

c.         failing to bring an action against William Katsenes during his lifetime;

d.         failing to bring an action against the estate of William Katsenes; and

e.         continuing to pay the real estate taxes and insurance on the property at 25 Pleasant Street, Dover, Massachusetts, after it knew that the mortgage had been extinguished by the death of William Katsenes and even after it was notified by Christa Katsenes not to make such payments and that if it did, not to look to her for reimbursement.

FOURTEENTH DEFENSE:

The failure of Bank of America, the predecessor of U.S. Bank, to secure Christa's signature on the mortgage which is the subject matter of this action was intentional and was not as a result of fraud or a mistake.

FIFTEENTH DEFENSE:

At all times material hereto Bank of America, the predecessor of U.S. Bank, was looking only to William Katsenes for payment of loan in question and, as a result, U.S. Bank is barred from recovery against Christa Katsenes.

SIXTEENTH DEFENSE:

U.S. Bank and its predecessor acted as a volunteer with respect to any payments allegedly made on behalf or for the benefit of Katsenes, including but not limited to the alleged satisfaction of Katsenes' obligations secured by mortgages,

HELOC's, or otherwise, and any payments of real estate taxes and insurance regarding the property at 25 Pleasant Street, Dover, Massachusetts.

SEVENTEENTH DEFENSE:

U.S. Bank and its predecessor waived any rights against Katsenes by their own actions or failure to act, including but not limited to:

a. consummating the loan to her husband, William Katsenes, without requiring her to be a party to the transaction and without requiring her to execute any of the loan documents, including but not limited to the promissory note and mortgage;

b. not taking action against William Katsenes during his lifetime, thereby depriving Christa Katsenes of her ability to seek recovery from him;

c. failing to pursue its claim under the title insurance policy which covers the mortgage.

EIGHTEENTH DEFENSE:

U.S. Bank and its predecessor are estopped from recovering against Katsenes by their own actions or failure to act, including but not limited to

a. consummating the loan to William Katsenes, without requiring Christa Katsenes to be a party to the transaction and without requiring her to execute any of the loan documents, including but not limited to the promissory note and mortgage;

b. not taking action against William Katsenes during his lifetime, thereby depriving Christa Katsenes of her ability to seek recovery from him;

c. failing to pursue its claim under the title insurance policy which covers the mortgage.

NINETEENTH DEFENSE:

U.S. Bank comes into equity with unclean hands, including but not limited to its conduct as described in paragraphs 1 through and including 46 of the First Amended Complaint and the Exhibits thereto, all of which are incorporated by reference and made part hereof.

TWENTIETH DEFENSE:

U.S. Bank and its predecessor waived any rights and/or are estopped from proceeding against Christa Katsenes with respect to the satisfaction of any prior mortgages on which she was an obligor out of the proceeds of the loan to William Katsenes by obtaining a discharge of those mortgages rather than an assignment of the same.

TWENTY-FIRST DEFENSE:

If Christa Katsenes were enriched, such enrichment was not unjust.

TWENTY-SECOND DEFENSE:

U.S. Bank is barred from recovery by the doctrine of latches resulting in prejudice to Christa Katsenes including but not limited to the following:

a.     being deprived of her ability to seek recovery from William Katsenes;

b.     being deprived of the benefit of his testimony in this matter to the effect that Bank of America was looking only to his interest in the locus and not to Christa's;

c.     the loss or destruction of relevant documents beneficial to Christa due to the passage of time.

TWENTY-THIRD DEFENSE:

U.S. Bank is barred from recovery by its own negligence, or by that of its predecessor, Bank of America, including but not limited to:

a. With respect to Bank of America, failing to examine documents on record with the Norfolk County Registry of Deeds, which clearly showed Christa's interest in the locus;

b. With respect to Bank of America, failing to secure Christa's signature on 2005 loan documents including the note and mortgage;

c. With respect to U.S. Bank, entering into the transaction with Bank of America without conducting due diligence, including but not limited to failing to examine the record title which would have disclosed Christa's interest in the property and failing to examine the loan documents;

d. With respect to both Bank of America and U.S. Bank, not pursing its claim against William Katsenes or his estate;

e. With respect to U.S. Bank, failing to rescind the transaction with Bank of America timely;

f. With respect to U.S. Bank, failing to pursue its claim against the title insurance company.

TWENTY-FOURTH DEFENSE:

U.S. Bank is barred from recovery by the Statute of Frauds.

RELIEF REQUESTED:

      Christa Katsenes respectfully requests that the Counterclaim be dismissed and that she be awarded the relief sought in the case in chief and such other and further relief as is just and equitable, including reasonable attorney's fees and costs.

**CHRISTA KATSENES,**

By her attorney,

*/s/ Robert E. McLaughlin, Sr.*
Robert E. McLaughlin, Sr. (BBO #337480)
Gilman, McLaughlin & Hanrahan LLP
101 Merrimac Street, P.O. Box 9601
Boston, MA 02114-9601
T: (617) 227-9999
F: (617) 720-1225
remsr@gilmac.com

DATED: June 8, 2021

## CERTIFICATE OF SERVICE

    I, Robert E. McLaughlin, Sr., hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on June 8, 2021.

*/s/ Robert E. McLaughlin, Sr.*
Robert E. McLaughlin, Sr.