# Exhibit D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No 1:19-cv-12112-DJC

|  |  |
|---|---|
| CHRISTA KATSENES, <br> Plaintiff <br><br> v. <br><br> U.S. BANK TRUST, N.A., as Trustee <br> for LSF9 Master Participation Trust <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF TAKING DEPOSITION

TO: Lawrence P. Heffernan, Esq.
Robinson & Cole LLP
One Boston Place, 25th Floor
Boston, MA 02108
By Email & 1st Class Mail: lheffernan@rc.com

Julianna M. Charpentier, Esq.
Robinson & Cole LLP
One Boston Place, 25th Floor
Boston, MA 02108
By Email & 1st Class Mail: jcharpentier@rc.com

Reneau J. Longoria, Esq.
Doonan, Graves & Longoria, LLC
100 Cummings Center Suite 303C
Beverly, MA 01915
By Email & 1st Class Mail: rjl@dgandl.com

Brian C. Linehan, Esq.
Doonan, Graves & Longoria, LLC
100 Cummings Center Suite 303C
Beverly, MA 01915
By Email & 1st Class Mail: bl@dgandl.com

PLEASE TAKE NOTE that commencing at 2:00 p.m. on Wednesday, October 13, 2021, at the offices of Gilman, McLaughlin & Hanrahan, 101 Merrimac Street, Suite 810, Boston, Massachusetts, counsel for Christa Katsenes, the Plaintiff/Defendant-in-Counterclaim in this action, will take the deposition upon oral examination of Vylla Title, LLC, formerly known as Carrington Title Services, LLC, pursuant to Rule 30(b)(6) and Rule 45 of the Federal Rules of Civil Procedure. Due to the ongoing COVID-19 pandemic, the deposition will be conducted via the Zoom platform. The deposition will be taken before a notary public in and for the

Commonwealth of Massachusetts or before some other officer authorized by law to administer oaths. The examination will continue from day to day until completed.

Vylla Title, LLC, formerly known as Carrington Title Services, LLC, shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf.

The subject matter on which the examination requested is designated on Exhibit A attached to the Subpoena which is attached to this Notice. The person or persons designated must testify about the information known or reasonably known to Vylla Title, LLC, formerly known as Carrington Title Services, LLC, concerning the subject matter of the examination.

You are invited to attend and cross examine.

For the Plaintiff and Defendant in Counterclaim, Christa Katsenes,

By her attorney,

Robert E. McLaughlin, Sr. (BBO 337480)
remsr@gilmac.com
Gilman, McLaughlin & Hanrahan LLP
101 Merrimac Street, PO Box 9601
Boston, MA 02114-9601
617-227-9999

DATED: September 7, 2021

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts ▼

| | |
|---|---|
| Christa Katsenes ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:19-CV-12112-DJC |
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ) ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Vylla Title, LLC, formerly known as Carrington Title Services, LLC

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: The matters upon which testimony is sought are set forth in Exhibit A attached hereto.

| Place: Gilman, McLaughlin & Hanrahan LLP via Zoom platform | Date and Time: 10/13/2021 2:00 pm |
|---|---|

The deposition will be recorded by this method: stenographic recorder via Zoom platform

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/7/21

*CLERK OF COURT*    OR    _[signature]_

_Signature of Clerk or Deputy Clerk_    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Christa Katsenes , who issues or requests this subpoena, are:

Robert E. McLaughlin, Sr., Gilman, McLaughlin & Hanrahan, 101 Merrimac St., Boston, MA 02114 (617) 227-9999
remsr@gilmac.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:19-CV-12112-DJC

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                              *Server's signature*

                              _____
                              *Printed name and title*

                              _____
                              *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A
## to
## 30(b)(6) Deposition Vylla Title, LLC, formerly known as Carrington Title Services, LLC

**DEFINITIONS**

1. The term "Christa Katsenes" means the plaintiff and the defendant in counterclaim in the above-captioned matter, and anyone acting or purporting to act or having acted or purported to have acted on her behalf.

2. The term "U.S. Bank" means U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, the defendant and plaintiff in counterclaim in the above-captioned matter, and its attorneys, employees, servants, agents, affiliates or anyone acting or purporting to act, or having acted or purported to have acted its behalf, including but not limited to Caliber Home Loans.

3. The term "Bank of America" means Bank of America, National Association, Bank of America California, National Association, BofA Merrill Lynch Asset Holdings, Inc., and Countrywide Home Loans, Inc., or any of the foregoing.

4. The term "LSF9 Holding Company" means LSF9 Mortgage Holdings, LLC.

5. The term "WFG Title Insurance" means WFG National Title Insurance Company.

6. The term "WFG Title Policy" means the certain Short Form Residential Loan Policy One-to-Four Family issued by WFG National Title Insurance Company in the amount of $500,000 dated as of 08/19/2005, a copy of which is attached to this Exhibit A as Exhibit 1.

7. The term "loan" means the obligation for which the mortgage dated August 19, 2005, on the property known and numbered as 25 Pleasant Street, Dover, Norfolk County,

Massachusetts, recorded with Norfolk County Registry of Deeds in Book 23099, Page 287, was security.

8. The term "Caliber" means Caliber Home Loans, the alleged servicer of the loan.

9. The term "mortgage" means the mortgage dated August 19, 2005, on the property known and numbered as 25 Pleasant Street, Dover, Norfolk County, Massachusetts, recorded with Norfolk County Registry of Deeds in Book 23099, Page 287.

10. The term "the Property" means the property known and numbered as 25 Pleasant Street, Dover, Norfolk County, Massachusetts.

11. The term "Carrington" means Vylla Title, LLC, formerly known as Carrington Title Services, LLC.

12. The term "communication" means the transmittal of information (in the form of facts, opinions, ideas, inquiries or otherwise).

## MATTERS FOR EXAMINATION

**The matters for examination are the creation, facts, details, circumstances, factors, grounds, basis, contentions, assertions, and allegations regarding and/or concerning the following:**

1. The nature of the business of Carrington.

2. All communications concerning the WFG Title Policy by and between Carrington and/or (i) WFG Title; and/or (ii) anyone from the law firm of Robinson & Cole, including but not limited to Attorney Lawrence P. Heffernan and/or Attorney Julianna M. Charpentier; and/or (iii) anyone from the law firm of Doonan, Graves & Longoria, including but not limited to Attorney Reneau J. Longoria and/or Attorney Elizabeth Dailey; and/or (iv) U.S. Bank and/or (v) Caliber; and/or (vi) LSF9 Holding Company and/or (vii) Bank of America and/or (viii) anyone from the law firm of Johnson & Borenstein, including but not limited to Attorney Mark B. Johnson, and/or (ix) anyone from the law firm of Day Pitney, including but not limited to Attorney Erick M. Sandler and/or Attorney Melissa Bruynell Manesse.

3. The relationship between Carrington and WFG Title.

4. The relationship between Carrington and Caliber.

5. The relationship between Carrington and U.S. Bank.

6. The relationship between Carrington and LSF9 Holding Company.

7. The relationship between Carrington and Bank of America.

8. The relationship between Carrington and anyone from the law firm of Robinson & Cole, including but not limited to Attorney Lawrence P. Heffernan and/or Attorney Julianna M. Charpentier.

9. All communications with and the relationship between Carrington and Mission Capital.

10. The relationship between Carrington and anyone from the law firm of Doonan, Graves & Longoria, including but not limited to Attorney Reneau J. Longoria and/or Attorney Elizabeth Dailey.

11. The relationship between Carrington and anyone from the law firm of Day Pitney, including but not limited to Attorney Erick M. Sandler and/or Attorney Melissa Bruynell Manesse.

12. The duties and titles of Carrington's attorney, employee, officer or agent Amy McFadden.

13. All communications concerning or surrounding the placement of the WFG Title Policy.

14. Any claim made against Carrington by WFG Title, or by anybody else, with respect to the WFG Title Policy.

15. All communications with Jesse Cortese.

16. All communications with Attorney Reneau J. Longoria and Attorney Elizabeth Dailey, or either of them, and/or the law firm of Doonan, Graves & Longoria, LLC and/or U.S. Bank and/or Caliber and/or WFG Title and/or LSF9 Holding Company and/or Bank of America.

17. The terms of the settlement of any claim by U.S. Bank against Carrington relating to the WFG Title Policy and/or the loan and mortgage.

18. The terms of the settlement of any claim by Caliber against Carrington relating to the WFG Title Policy and/or the loan and mortgage.

19. The terms of the settlement of any claim by LSF9 Holding Company against Carrington relating to the WFG Title Policy and/or the loan and mortgage.

20. The terms of the settlement of any claim by WFG Title against Carrington relating to the WFG Title Policy and/or the loan and mortgage.

21. The terms of the settlement of any claim by Bank of America against Carrington relating to the WFG Title Policy and/or the loan and mortgage

22. The terms of the settlement of the claim between U.S. Bank and WFG Title relating to the WFG Title Policy and/or the loan and mortgage.

23. The terms of any settlement among U.S. Bank and/or WFG Title and/or Carrington and/or Caliber and/or LSF9 Holding Company and/or Bank of America or among any two or more of the foregoing relating to the WFG Title Policy and/or the loan and mortgage.

24. All the circumstances concerning any title examination relating to the Property.

25. The dates when Carrington, its agent, servants or employees were aware of the contents of any title examination relating to the Property.

26. All circumstances relating to the knowledge of Carrington at any time between 2015 and the present concerning the state of the title to the Property.

27. All circumstances relating to any claim made upon the WFG Title Policy.

28. All circumstances and communications concerning any claim by or against Carrington upon its errors and omissions insurance or any source of indemnification for any claim made against Carrington for errors, omissions, negligence, and/or malpractice.

29. All communication and all knowledge relating to what person, party or entity made the payment of the premium on the WFG Title Policy.

30. The circumstances and terms under which the rights under the loan and/or mortgage were transferred from Bank of America to U.S. Bank.

31. All circumstances under which the assignment of the loan and the mortgage, or either, was made from Bank of America to U.S. Bank.

32. The circumstances concerning the document entitled "Borrower's Limited Title: Agreement" referred to on line 15 of the partially redacted document produced by U.S. Bank as USB 01136, and the Forms Numbered ending in 9050 and 9051, also referred to in said partially redacted document produced by U.S. Bank as USB 01136, including the whereabouts of the original document, the contents thereof, the purpose and the function of the document and the understanding of U.S. Bank of the effect of said document on the loan and/or mortgage, said document attached to this Exhibit A as Exhibit 2.

33. The date that the WFG Title Policy was in fact signed and/or issued.

34. All circumstances leading to the issuance of the WFG Title Policy retroactive to the date of the loan.

EXHIBIT 1

9804632967


WFG National Title Insurance Company
a Williston Financial Group company

## SHORT FORM RESIDENTIAL LOAN POLICY ONE-TO-FOUR FAMILY
Issued By
**WFG NATIONAL TITLE INSURANCE COMPANY**

### SCHEDULE A

| | | | |
|---|---|---|---|
| File No.: | 877364056M | Amount of Insurance: | $500,000.00 |
| Policy No.: | 3170900-02364336 | Mortgage Amount: | $500,000.00 |
| Loan No.: | 877364056 | Mortgage Date: | 08/19/2005 |
| | | Date of Policy: | 08/19/2005 at |
| | | Premium $ | $1,250.00 |

Address Ref.: 25 Pleasant St., Dover, Norfolk County, MA 02030

Name of Insured: Bank of America, N.A., ISAOA/ATIMA

Name of Borrower(s): William A. Katsenes

The estate or interest in the Land identified in this Schedule A and which is encumbered by the Insured Mortgage is fee simple and is, at Date of Policy, vested in the borrower(s) shown in the Insured Mortgage and named above.

The Land referred to in this policy is described as set forth in the Insured Mortgage.

This policy consists of two page(s), [including its reverse side,] unless an addendum is attached and indicated below:
_[ ]_ Addendum attached

This policy incorporates by reference those endorsements checked below, if any, adopted by the American Land Title Association as of Date of Policy:

| | |
|---|---|
| [ ] ALTA ENDORSEMENT 4.1-06 | (Condominium), if the Land or estate or interest is referred to in the Insured Mortgage as a condominium. |
| [ ] ALTA ENDORSEMENT 5.1-06 | (Planned Unit Development) |
| [ ] ALTA ENDORSEMENT 6-06 | (Variable Rate), if the Insured Mortgage contains provisions which provide for an adjustable interest rate. |
| [ ] ALTA ENDORSEMENT 6.2-06 | (Variable Rate-Negative Amortization), if the Insured Mortgage contains provisions which provide for both an adjustable interest rate and negative amortization. |
| [ ] ALTA ENDORSEMENT 7-06 | (Manufactured Housing), if a manufactured housing unit is located on the Land at Date of Policy. |
| [ ] ALTA ENDORSEMENT 7.1-06 | (Manufactured Housing—Conversion; Loan) |
| [X] ALTA ENDORSEMENT 8.1-06 | (Environmental Protection Lien) – Paragraph b refers to the following state statute(s): |
| [ ] ALTA ENDORSEMENT 9.10-06 | (Restrictions, Encroachments, Minerals—Current Violations—Loan Policy) |

*Continued on next page*

**In Witness Whereof**, WFG NATIONAL TITLE INSURANCE COMPANY has caused this policy to be signed and sealed by its duly authorized officers as of Date of Policy shown in Schedule A.

Carrington Title Services, LLC
6100 Tennyson Parkway, Suite 100, Plano, TX 75024
Agent

Authorized Signatory

**WFG NATIONAL TITLE INSURANCE COMPANY**

By
President

ATTEST:
Secretary

ALTA Short Form Residential Loan Policy – Current Violations 04-02-15
WFG Form No 3170900
Page 1 of 2

9804632967

WILLIAM KATSENES
VERI

KASOTA
VOLT 2014-N?

WFG001

| [ ] ALTA ENDORSEMENT 14-06 | (Future Advance—Priority) |
| [ ] ALTA ENDORSEMENT 14.1-06 | (Future Advance—Knowledge) |
| [ ] ALTA ENDORSEMENT 14.3-06 | (Future Advance—Reverse Mortgage) |
| [ ] ALTA ENDORSEMENT 22-06 | (Location) The type of improvement is a one-to-four family residential structure and the street address is as shown above. |
| [ ] ALTA ENDORSEMENT 30-06 | (Shared Appreciation Mortgage) |

SUBJECT TO THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B BELOW, AND ANY ADDENDUM ATTACHED HERETO, WFG NATIONAL TITLE INSURANCE COMPANY, A SOUTH CAROLINA CORPORATION, HEREIN CALLED THE "COMPANY," HEREBY INSURES THE INSURED IN ACCORDANCE WITH AND SUBJECT TO THE TERMS, EXCLUSIONS AND CONDITIONS SET FORTH IN THE AMERICAN LAND TITLE ASSOCIATION LOAN POLICY (06-17-06), ALL OF WHICH ARE INCORPORATED HEREIN. ALL REFERENCES TO SCHEDULES A AND B SHALL REFER TO SCHEDULES A AND B OF THIS POLICY.

## SCHEDULE B

### EXCEPTIONS FROM COVERAGE AND AFFIRMATIVE INSURANCES

Except to the extent of the affirmative insurance set forth below, this policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees, or expenses) which arise by reason of:

1. Those taxes and assessments that become due or payable subsequent to Date of Policy. This does not modify or limit the coverage provided in Covered Risk 11(b).

2. Covenants, conditions, or restrictions, if any, appearing in the Public Records; however, this policy insures against loss or damage arising from:

   (a) the violation of those covenants, conditions, or restrictions on or prior to Date of Policy;

   (b) a forfeiture or reversion of Title from a violation at Date of Policy of those covenants, conditions, or restrictions, including those relating to environmental protection; and

   (c) the invalidation, subordination, or other impairment of the lien of the Insured Mortgage because of a violation at Date of Policy of any provisions in those covenants, conditions, or restrictions, including those relating to environmental protection.

   As used in Paragraph 2(a), the words "covenants, conditions, or restrictions" do not refer to or include any covenant, condition, or restriction (a) relating to obligations of any type to perform maintenance, repair or remediation on the Land, or (b) pertaining to environmental protection of any kind or nature, including hazardous or toxic matters, conditions, or substances, except to the extent that a notice of a violation or alleged violation affecting the Land has been recorded or filed in the Public Records at Date of Policy and is not referenced in an addendum attached to this policy.

3. Any easements or servitudes appearing in the Public Records; however, this policy insures against loss or damage arising from (a) the encroachment, at Date of Policy, of the improvements on any easement, and (b) any interference with or damage to existing improvements, including lawns, shrubbery, and trees, resulting from the use of the easements for the purposes granted or reserved.

4. Any lease, grant, exception, or reservation of minerals or mineral rights or other subsurface substances appearing in the Public Records; however, this policy insures against loss or damage arising from (a) any effect on or impairment of the use of the Land for residential one-to-four family dwelling purposes by reason of such lease, grant, exception or reservation of minerals or mineral rights or other subsurface substances, and (b) any damage to existing improvements, including lawns, shrubbery, and trees, resulting from the future exercise of any right to use the surface of the Land for the extraction or development of the minerals or mineral rights or other subsurface substances so leased, granted, excepted, or reserved. Nothing herein shall insure against loss or damage resulting from contamination, explosion, fire, fracturing, vibration, earthquake, or subsidence.

**NOTICES, WHERE SENT:** Any notice of claim or other notice or statement in writing required to be given the Company under this policy must be given to the Company at the following address: 12909 SW 68th Parkway, Suite 350, Portland, OR 97223. Attention: Claims Department. WFG National Title Insurance Company's telephone number is (800) 334-8885. Email address: claims@wfgnationaltitle.com.

EXHIBIT 2

# Bank of America

BANK OF AMERICA, N.A. (THE "BANK")

**Loan/Line of Credit Documentation Checklist (CLASS)**

Application Number: 5112
Borrower's Name: WILLIAM A KATSENES
Collateral Code: ___

Loan/Line of Credit: 0399
Co-Borrower's Name: ___
Product Code: REL

| # | Document Description/Form Name | Form Number |
|---|---|---|
| 1. | CREDITLIFE INSURANCE APP., IF APPLICABLE | |
| 2. | SUR-CURRENT PROPERTY SURVEY | |
| 3. | TER-CURRENT TERMITE INSPECTION REPORT | |
| 4. | *MSD - EQUITY MAXIMIZER INITIAL DISCL | -9022 |
| 5. | FIA-FLOOD INSURANCE APPLICATION | |
| 6. | FDL-FLOOD INSURANCE DETERMINATION CKLIST | -9239 |
| 7. | X FIP-FLOOD INSURANCE POLICY | |
| 8. | INV-INCOME VERIFICATION | |
| 9. | *LMD-LIEN MATURITY DATE | |
| 10. | TXR-MINIMUM 2 YEARS TAX RETURNS | |
| 11. | FNS-SIGNED PERSONAL FINANCIAL STATEMENT | -9238 |
| 12. | PRIVACY POLICY FOR CONSUMERS | -9070 |
| 13. | *SPECIFIC CLOSING INSTRUCTIONS | 9241 |
| 14. | WHEN YOUR HOME IS ON THE LINE BOOKLET | |
| 15. | BORROWER'S LIMITED TITLE: AGREEMENT | -9050 |
| 16. | SCHEDULE A | -9051 |

Date Checked: ___
Associate's Signature: ___

**Bank Information**
Banking Center Name: 0156 PREM BKG-MA-N/W BOST BURBS MA
Date: 08/17/2005
Associate's Name: CHARLES A LAVRENTIOS

**Additional Information**
Renewal? ☐ Yes ☐ No
Hypothecated Collateral? ☐ Yes ☐ No
Cross-Pledged Collateral? (Manually Complete)
☐ Yes ☐ No (List Account(s) Below)

NSIA 0045024831 6 11/02

Page 1 of 1

CONFIDENTIAL    USB 01136