# EXHIBIT 1

## SELECTED RESPONSES OF DEFENDANT, U.S. BANK'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSION

### REQUEST NO. 32

U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, the defendant and plaintiff in counterclaim in this action, paid nothing for the assignment of the mortgage to it.

### RESPONSE NO. 32

In response to this request, Defendant states that it was not the purchasing entity pursuant to the Mortgage Loan and HELOC Loan Purchase Agreement and Interim Servicing Agreement, Bates No. USB 1261-1297. However, $426,381.53 was paid as consideration to Bank of America for the loan.

### REQUEST NO. 36

The consideration for the assignment of the mortgage by Bank of America to U.S. Bank was paid by a third party and not by U.S. Bank.

### RESPONSE NO. 36

Admitted. In further answering, the Defendant states that it was not the purchasing entity pursuant to the Mortgage Loan and Heloc Loan Purchase and Interim Servicing Agreement.

### REQUEST NO. 40

U.S. Bank acquired all of the rights of LSF9 Mortgage Holdings, LLC, with respect to the loan and mortgage.

### RESPONSE NO. 40

Objection. This request is vague. Denied as stated. The mortgage was assigned to the Defendant, but the Defendant is not a party to the Mortgage Loan and Heloc Loan Purchase Agreement and Interim Servicing Agreement.

**REQUEST NO. 45**

At the time that U.S. Bank purchased the loan and the mortgage, it knew that the loan and the mortgage were in default.

**RESPONSE NO. 45**

Denied. The Defendant was not a purchasing entity under the Mortgage Loan and Heloc Loan Purchase Agreement and Interim Servicing Agreement. In further answering, the loan (as defined in Christa Katsenes' Requests for Admissions (Fed. R. Civ. P. 36)) was not purchased because, as defined, the loan appears to be the funds, not any interest in property which could be purchased.

**REQUEST NO. 47**

Prior to purchasing the loan and the mortgage, U.S. Bank had a title examination conducted on the property at 25 Pleasant Street, Dover, Massachusetts.

**RESPONSE NO. 47**

Denied. In further answering, the Defendant states that it did not purchase the loan and mortgage and that the loan (as defined in Christa Katsenes' Requests for Admissions (Fed. R. Civ. P. 36)) was not purchased because, as defined, the loan appears to be the funds, not any interest in property which could be purchased.

**REQUEST NO. 52**

On or before September 30, 2016, LSF9 Mortgage Holdings, LLC knew that title to the property at 25 Pleasant Street, Dover, Massachusetts was in the name of William A. Katsenes and Christa Katsenes, husband and wife, as tenants by the entirety.

**RESPONSE NO. 52**

Objection. Defendant has insufficient knowledge or information to admit or deny Request No. 52.

**REQUEST NO. 53**

On or before September 30, 2016, U.S. Bank knew that title to the property at 25 Pleasant Street, Dover, Massachusetts was in the name of William A. Katsenes and Christa Katsenes, husband and wife, as tenants by the entirety.

**RESPONSE NO. 53**

Objection. This request is vague. Subject to and without waiving these objections, Defendant states that the public records related to the Property speak for themselves.

**REQUEST NO. 78**

As of September 30, 2016, U.S. Bank knew that title to the property at 25 Pleasant Street, Dover, Massachusetts, was in the names of William Katsenes and Christa Katsenes as tenants by the entirety.

**RESPONSE NO. 78**

Objection. This request is vague. Subject to and without waiving these objections, Defendant states that the public records related to the Property speak for themselves.